UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jason Betts )<br>     Plaintiff ) | Case # 04-370 Erie |
| ) | |
| v. ) | |
| ) | **RECEIVED** |
| ) | DEC 20 2004 |
| UNITED STATES BUREAU OF ) | CLERK U.S. DISTRICT COURT |
| PRISONS,. ) | WEST. DIST. OF PENNSYLVANIA |
|      Respondent | |

PETITION FOR HABEAS RELIEF UNDER TITLE 18
§3621 SECTION (e) FOR INCENTIVE UPON COMPLETION,.

NOW COMES, JASON BETTS    ,plaintiff pro se, in an effort to ask this court for consideration under title 18 §3621 section(e) to allow for the application of the"incentive"as intended by congress upon completion of the Residential Drug Treatment Program.

The plaintiff in this case is petitioning to have the court of jurisdiction to make matter of record by order, the application of that portion of the United States Code which states that anyone who is eligible for the residential substance abuse treatment program, must satisfy only two criteria in an effort to recieve entry and acceptance into said program. The term "eligible prisoner" means a prisoner who is,-

(i)determined by the Bureau of Prisons to havea substance abuse problem,.
(ii)willing to participate in a residential substance abuse treatment program,.
The plaintiff in this case is asking that section (2) **Incentive for prisoner's sucessful completion of the treatment program**,in accordance with both sub-sections (A) and (B) be applicable in his case and that he be eligible for the incentive portion in lieu of the fact that the Bureau of Prison's does not have the authority to apply discretion and does not have the forc and effect of law as a result of the February the 6th decision of Bohner v. Daniels 243,F.Supp.2d 1171(D.Or,2003).

It was clearly argued in this case that the Bureau of Prison's lacks the force and effect of law to exercise it's discretionary authority as a result of it's failure to comply with the Administrative Procedures Act,notice and comment procedure as it applied to the promulgation of interim rule on participation in the drug treatment program,and thus,the rule was void,where the BOP's notice in the Federal Register did not explain that in fact it was invoking good cause exception or why notice and comment procedure was impracticable,unnecessary,or contrary to the public interest. 5 U.S.C.A. § 553(b)(3)(B).,

In this case, the Bureau of Prisons failed to establish "good cause" exception and in the case of the petitioner,                    ,the Bureau of Prisons has applied a program statement,which is not in and of itself representative of United States law,to exclude prisoners who have received two point sentencing enhancements for having a gun and or some previous crime that was and is not,the crime of conviction. In fact, the Bureau of Prison's continues to exclude those whose crime of conviction included the possession of a firearm, from early release based soley on the application of program statement which by APA non-compliance does not have the force and effect of law.

In summary the Bohner case concluded that the Bureau of Prisons program statement could not be used to exclude prisoners who had received a two point enhancement for carrying a gun during the crime of conviction for early release based on completion of the residential drug treatment program and that this program statement could not be used to deny early release, where the program statement was not itself promulgated in compliance with the notice and comment procedures under the Administrative Procedure Act (APA),and the rule that the program statement was purported to interpret was invalid.

## ARGUMENT AND BACKGROUND,.

18 §3621(b) directs the Bureau of Prisons (BOP) to provide substance abuse treatment to those prisoners who have a"treatable condition of substance addiction or abuse". As an incentive for prisoners to seek treatment,Congress made one year sentence reductions available to prisoners convicted of non-violent offenses who completed the substance abuse treatment programs. 18 3621(e)(2)(B).

Prior to 1997,the BOP's implementing regulation and program statements defined "nonnviolent"offense to exclude any conviction accompanied by the possession of a firearm or other dangerous weapon. The Ninth Circuit rejected such an interpretation, holding that the BOP cannot define "non-violence"to exclude firearm possession when Congress defined "non-violent offense in precisely the opposite way. [Davis v. Crabtree,109 F3dd 566,569(9th Circ.1997), Downey v. Crabtree,100F 3d 662,667(9th Circ. 1996)]

In response, The BOP amended it's regulation and program statements governing a prisoners eligibility for release.See 28 CFR 550.58;P.S. 5162.04(Oct 9,1997) (the 1997,rule and program statements)P.S.5330.10,Oct 9th,1997., Relying instead on it's discretion rather than an interpretation of the term "non-violent offense". Specifically and by design,the Bureau of Prisons 1997 policy statement excluded exactly the prisoners from early release eligibility who were

ineligible under the old rules.

The courts upheld this exercise in discretion under Lopez v. Davis, 531 U.S. 230, 121 S. Ct 714, 148 L.Ed 2d 635 (2001)

Clearly the Bureau of Prisons may not rely on it's program statement within the context of the law as a result of either Grassi or Gunderson, regardless only one outcome is possible: **the program statement may not be used to deny a petitioner early release.**

First, if Grassi is correct, the 1997 would deny a petitioner the sentence reduction independent of the 1997 rule. If so the program statement should have been classified as legislative rules and promulgated in compliance with the APA's notice and comment procedures. Because they were not,-they may not be relied upon to deny a petitioner early release. Alternatively if Gunderson is correct, the 1997 program statements merely interpret the 1997 rule. It has already been determined that the 1997 rule is invalid, so there is no rule left for the 1997 program statements to interpret. Again the 1997 program statement may not be relied upon to deny the petitioner early release..

**Wherefore,** the petitioner prays that this court make matter of record by ORDER the application and implementation of the incentive portion of the title 18 §3621(e)(2)(B).

Dated: 12-14-04                                    Respectfully Submitted: /s/ Rosoo Betts-Bey

## CERTIFICATE OF SERVICE

I _Cary Grimm_, hereby certify that on this _14_ day of _December_, 200_4_ that I served a true and complete copy of petitioner _Jason Betts_ Motion and/or Brief for Relief Pursuant to Title _28_ § _2241_ upon opposing counsel by depositing into prison mailbox.

**MAILED TO FOLLOWING ADDRESS:**

Assistant United States Attorney's Office
315 William S. Moorhead Federal Building
1000 Liberty Ave.
Pittsburgh, PA 15222

DATE _Dec. 14, 2004_       SEAL _Cary Grimm_